UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                      CASE NO: 2:15-cr-14-FtM-29CM

LORIE ANN WILLIAMS

### OPINION AND ORDER

This matter comes before the Court on the United States Motion for Preliminary Order of Forfeiture for Substitute Assets (Doc. #92) filed on April 11, 2016.  Defendant's Response (Doc. #96) was filed on April 20, 2016.

On January 25, 2016, defendant Lorie Ann Williams was sentenced to one year and one day imprisonment, followed by two years of supervised release, after pleading guilty to Count Two charging Structuring Transactions to Evade Reporting Requirements. (Doc. #75.)  A Forfeiture Money Judgment was filed finding defendant jointly and severally liable with her co-defendant for $332,500, which the parties agreed represented "the amount of proceeds obtained as a result of the offense charged in Count Two." (Docs. #36, pp. 4-5; #74.)  The parties also agreed in the Plea Agreement that "the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment" and that the court shall retain jurisdiction to settle any disputes regarding

substitute assets.  (Doc. #36, p. 6.)   The Court retained jurisdiction "to complete the forfeiture and disposition of any property belonging to the defendant that the government is entitled to seek under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), as a substitute asset in satisfaction of the defendant's money judgment."  (Doc. #74.)

On April 1, 2016, the government filed a motion (Doc. #89) asking the Court to authorize the Bureau of Prisons to seize all the money in defendant's inmate trust account and turn the funds over to the Clerk of Court as payment toward defendant's outstanding criminal monetary penalties.  The Court declined to do so, finding that it had no jurisdiction to order the Bureau of Prisons to take funds from an inmate's trust account to satisfy a financial obligation imposed at sentencing.  (Doc. #91.)

The government now seeks to take all the money in the defendant's inmate trust account as a "substitute asset" pursuant to the Forfeiture Money Judgment entered as part of the sentencing proceeding. (Doc. #92.)  As noted above, the Court had retained jurisdiction in the Forfeiture Money Judgment to consider such a request.   Federal Rule of Criminal Procedure 32.2(e)(1)(B) provides that, upon the Government's motion, the court may, at any time, enter or amend an order for forfeiture to include property that is substitute property.

Pursuant to 21 U.S.C. § 853(c), the Government's interest in property subject to criminal forfeiture vests "upon the commission of the act giving rise to forfeiture." Property subject to forfeiture includes, among other things, "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of [her criminal activity]." 21 U.S.C. § 853(a)(1). If the property subject to forfeiture is unavailable "as a result of any act or omission of the defendant," § 853(p) permits substitute property to be forfeited instead. 21 U.S.C. § 853(p). Section 853 is to be "liberally construed to effectuate its remedial purposes." 21 U.S.C. § 853(o).

Section 853 provides that in certain circumstances a court "shall order" the forfeiture of "any other property of the defendant" up to the value of the forfeiture. 21 U.S.C. § 853(p)(2). Before such substitute property may be forfeited, the government must show that: (1) As a result of any act or omission of the defendant, (2) property which is subject to criminal forfeiture pursuant to 21 U.S.C. § 853(a), (3) either (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty. 21 U.S.C. § 853(p)(1). Thus, to be entitled to forfeiture of

substitute property, the Government must demonstrate that the property subject to forfeiture is unavailable due to an act or omission by Defendant. United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999); United States v. Tardon, 56 F. Supp. 3d 1309, 1321 (S.D. Fla. 2014). The Court finds that the government has not made the requisite factual showing to satisfy its obligations under § 853(p) and Rule 32.2, unlike, for example, United States v. Seher, 562 F.3d 1344, 1373 (11th Cir. 2009).

Accordingly, it is hereby

**ORDERED:**

The Government's Motion for Preliminary Order of Forfeiture for Substitute Assets (Doc. #92) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record